**PETER Y. LEE**
**ATTORNEY AT LAW**
733 3rd Avenue, 16th Floor
New York, New York 10017
(212) 808-0716
Peter.Lee@LeeAdvocates.Com E-Mail

**SNEED PLLC**
Jason M. Sneed, Esq. (jsneed@sneedlegal.com)
Megan E. Sneed, Esq. (msneed@sneedlegal.com)
445 South Main Street, Suite 400
Davidson, North Carolina 28036
(844) 763-3347
*Pending admission pro hac vice*

*Attorneys for Plaintiff, Shaf International, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### (Newark Vicinage)

---

| | |
|---|---|
| SHAF INTERNATIONAL, INC.,<br>Plaintiff,<br><br>v.<br><br>ULTIMATE LEATHER APPAREL,<br>INC. and ASAD AHMED,<br>Defendants. | Civil Action No.:<br><br><br><br>**COMPLAINT WITH<br>JURY DEMAND** |

---

Plaintiff, Shaf International, Inc., by and through its attorneys, for its Complaint against

Ultimate Leather Apparel, Inc. and Asad Ahmed, in this action states as follows:

1

## NATURE OF THE ACTION

1.      Plaintiff Shaf International, Inc. ("Shaf" or "Plaintiff") seeks damages and injunctive or other relief against Ultimate Leather Apparel, Inc. ("ULA") and Asad Ahmed ("Ahmed") (collectively, "Defendants") for trademark infringement, false designation of origin, false advertising, unfair competition, and other deceptive trade practices with respect to Defendants' impersonation of Plaintiff by advertising, marketing, offering for sale and selling a wide array of apparel products, leather goods and related products sold to motorcycle enthusiasts and consumers nationwide over the Internet and elsewhere under the infringing MILWAUKEE RIDERS designation ("Infringing Designation"). As alleged more fully below, Defendants' use of designations confusingly similar to Plaintiff's own MILWAUKEE-Formative Marks (defined below) poses a likelihood of confusion as to the source, affiliation, connection, association or permission between Plaintiff and Defendants. Plaintiff has not authorized or permitted Defendants to use Plaintiff's MILWAUKEE-Formative Marks or colorable imitations thereof in connection with Defendants' competitive products. Unless addressed by this Court, Defendants' conduct will continue to result in a likelihood of consumer confusion and deception, and irreparable injury to Plaintiff.

## THE PARTIES

2.      Plaintiff Shaf International, Inc. is a New Jersey company with an address at 141 Lanza Avenue, Building 1A, Garfield, New Jersey 07026.

3.      Upon information and belief, Defendant Ultimate Leather Apparel, Inc. ("ULA") is a New Jersey corporation with a mailing address of 1723 Pulaski Highway, Fayetteville, TN 37334-2715.

4.     Upon information and belief, Defendant Asad Ahmed ("Ahmed") is an individual with an address of 75 Saddleford Dr., Fayetteville, TN 37334-7270.  Ahmed is an owner and manager of Defendant ULA, and at all times has directed and participated in the infringing acts, false advertising and unfair competition of Defendant ULA.

## JURISDICTION AND VENUE

5.     This is a civil action arising from Defendants' infringement of Plaintiff's MILWAUKEE-Formative Marks. The claims alleged in this complaint arise under the Lanham Act, including 15 U.S.C. § 1125, et seq., 15 U.S.C. § 1051, and state law.

6.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1338(b). Moreover, this Court has supplemental jurisdiction for all non-federal causes of action under 28 U.S.C. § 1367, in that such claims are so related to Plaintiff's claims within the original jurisdiction of this Court that they form part of the same case or controversy. This Court has jurisdiction to enter injunctive relief pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65.

7.     This Court has personal jurisdiction over Defendants pursuant to 28 U.S.C. § 1391 in that Defendants and/or its registered agents, at least at the time of some of the acts complained of herein, resided and/or may be found in this District, are transacting and doing business within this District, are committing the acts complained of herein within this District, and have otherwise directed their illegal conduct complained of herein to this District, causing damage to Plaintiff in this District.

8.     Further, this Court has personal jurisdiction over the Defendants because, upon

information and belief, Defendants are present and transacting business within this District and Defendant ULA is incorporated, registered and/or authorized to conduct business in the State of New Jersey.

9. Upon information and belief, Defendants advertise, promote, offer for sale and sell their products bearing the MILWAUKEE RIDERS designation through an office located at Suite 1st, 297 Getty Avenue, Paterson, New Jersey 07503, as well as an office located at 1723 Pulaski Highway, Fayetteville, TN 37334-2715.

10. Further, venue is proper in this District because a substantial part of the events or omissions giving rise to the claims occurred in this District, the Defendants conduct substantial business in this District, and Plaintiff's injuries occurred, at least in part, in this District.

## STATEMENT OF THE CLAIMS

11. As set forth below, Defendants have advertised, marketed, manufactured, distributed, offered for sale, and provided goods that infringe upon Plaintiff's ownership rights in its federal, state, and common law trademark rights in its MILWAUKEE-Formative Marks, and which goods are likely to cause confusion as to affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' infringing products and/or services by Plaintiff.

12. This action seeks damages and injunctive and other relief for:

a. **Count One**:   Federal Trademark Infringement, 15 U.S.C. § 1114.

b. **Count Two**:   Infringement of Trademark, False Advertising and Unfair Competition, 15 U.S.C. § 1125(a).

c. **Count Three**: False Designation of Origin and Passing Off in Commerce, 15 U.S.C. § 1125(a).

4

    d.   **Count Four**: Cancellation of U.S. Reg. No. 5,510,098 for the MILWAUKEE RIDERS designation in International Class 025;

    e.   **Count Five**:  Cancellation of U.S. Reg. No. 5,613,116 for the MILWAUKEE RIDERS designation in International Class 035

    f.   **Count Six**:     Violation of New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-2.

    g.   **Count Seven**: Unfair Competition in violation of N.J. Stat. Ann. § 56:4.

    h.   **Count Eight**:  Trademark Infringement and Unfair Competition in violation of state common law.

## STATEMENT OF THE FACTS

***Background Facts Regarding Plaintiff and its MILWAUKEE-Formative Marks***

13.    Plaintiff reincorporates by reference the allegations in the foregoing paragraphs, inclusive, as if the same were here set out in full.

14.    Since long before the acts of Defendants complained of herein, and at least as early as 1991, Plaintiff and its predecessor-in-interest have been engaged in the business of selling premium clothing, leather goods, luggage and accessories in the United States through wholesale and retail store outlets, primarily under the MILWAUKEE LEATHER® brand.

15.    Plaintiff's MILWAUKEE LEATHER® brand is one of the best-known brands in the motorcycling industry for premium clothing, leather goods, luggage and accessories ("Plaintiff's Goods"). Plaintiff is the leader in the motorcycle industry for these categories of goods and uses quality materials in its products.

16.    Around Plaintiff's MILWAUKEE LEATHER® brand, Plaintiff has built a family of MILWAUKEE-formative sub-brands using design marks, such as MILWAUKEE

PERFORMANCE®, MILWAUKEE PERFORMANCE FOOTWEAR®, MILWAUKEE LEATHER PERFORMANCE APPAREL®, and MILWAUKEE PERFORMANCE ACCESSORIES® ("Plaintiff's MILWAUKEE-Formative Marks"), as further shown below in the related design marks:

| Milwaukee Leather & Design | Milwaukee Leather Performance Apparel & Design | Milwaukee Leather Performance Footwear & Design | Milwaukee Performance Accessories & Design |
|---|---|---|---|
|  |  |  |  |

17.     Each of Plaintiff's design marks includes a shield or crest as part of the mark, with wings that extend nearly to the outside edge of or outside the shield or crest design.

18.     Importantly, Plaintiff and its predecessor-in-interest have used continuously in commerce its MILWAUKEE-Formative Marks in conjunction with a variety of products, including the sale and promotion of bags and/or luggage since at least as early as 1996, and with apparel products since at least as early as 1998.

19.     To further its rights in its MILWAUKEE-Formative Marks and to protect its rights in its MILWAUKEE-Formative Marks, Plaintiff applied to register and owns the following U.S. registrations for its MILWAUKEE-Formative Marks, which are used in connection with Plaintiff's MILWAUKEE-Formative Marks:

| Plaintiff's Mark | Reg./App. No. | Reg. Date | Stated First Use Date (at least as early as) | Plaintiff's Goods |
|---|---|---|---|---|
| MILWAUKEE LEATHER® | 2,568,688 | May 7, 2002 | Jan. 15, 1998 | "goods made in whole or substantial part of leather, namely, jackets, pants, footwear" (IC025) |

| | 4,600,803 | Sept. 9, 2014 | Nov. 1, 2012 | "Clothing, namely, tops, shirts, pants, chaps, jackets, vests; footwear; all of the foregoing made in whole or substantial part of leather; t-shirts; sweat shirts, tank tops." (IC025) |
| | 4,600,804 | Sept. 9, 2014 | Jan. 1, 2011 | "Clothing, namely, tops, shirts, pants, chaps, jackets, vests; all of the foregoing made in whole or substantial part of leather; t-shirts, sweat shirts, tank tops." (IC025) |
| | 4,600,805 | Sept. 9, 2014 | Jan. 1, 2014 | "Footwear made in whole or substantial part of leather." (IC025) |
| | 4,613,204 | Sept. 13, 2014 | Jan. 1, 2011 | "Motorcycle bags, namely, tank bags, saddle bags, sissy bar bags, windshield bags and tail bags; cup holders for use in vehicles." (IC012) |

("Plaintiff's MILWAUKEE-Formative Registrations")

20.    Plaintiff's MILWAUKEE-Formative Registrations are live, valid, subsisting and in full force and effect, as shown in the registration certificates.    (**Exhibit A**, Plaintiff's Registered Trademark Certificates).

21.    Plaintiff's MILWAUKEE-Formative Marks, together with the Plaintiff's MILWAUKEE-Formative Registrations, convey tremendous goodwill to Plaintiff and enhance consumers' strong association of the MILWAUKEE-Formative Marks with Plaintiff.

22.     Plaintiff and its predecessor-in-interest have made substantial investments of time and money and resources marketing, advertising and promoting Plaintiff's Goods under its MILWAUKEE-Formative Marks, such that Plaintiff's MILWAUKEE-Formative Marks convey tremendous goodwill to Plaintiff and serve to identify Plaintiff as the official source for authentic MILWAUKEE-branded merchandise sold to motorcycling enthusiasts and the consuming public nationwide.

23.     In advertising Plaintiff's Goods, Plaintiff often uses banner advertisements bearing the language "MILWAUKEE LEATHER AUTHORIZED DEALER," under which it displays photos of its apparel products, flanked on the left side by its shield or crest, and on the right side by "Since '91" as shown below:



("Plaintiff's MILWAUKEE LEATHER Banner Advertisement").

24.     When Plaintiff advertises its goods sold under its MILWAUKEE-FORMATIVE Marks on online retail outlets, it displays its goods with high-quality photographic images of the products, in which the products have the following features:  (a) one of Plaintiff's crest designs appears on the product, showing one of Plaintiff's eagle designs in which the wings extend to the edge or over the edge of the crest design; (b) within Plaintiff's crest design, Plaintiff's MILWAUKEE-Formative Mark appears; and (c) the lacing eyelets also contain the word mark of one of Plaintiff's MILWAUKEE-Formative Marks.  These design and advertising choices further enhance the distinctiveness of Plaintiff's MILWAUKEE-Formative Mark products among the purchasing public.

Examples of goods and advertisements bearing Plaintiff's MILWAUKEE-Formative

Marks are shown below and at **Exhibit B** hereto.

| | |
|---|---|
| *Milwaukee Performance® Boots sold on Amazon.com* |  |

| | |
|---|---|
| *Milwaukee Leather® Boots sold at MilwaukeeLeather.com* |  |

| | |
|---|---|
| *Milwaukee Leather Performance Apparel® Men's Vest sold at LeatherUp.com* |  |

25.     Plaintiff and its predecessor-in-interest to Plaintiff's MILWAUKEE-Formative Marks also have made substantial investments of time and money to acquire and expand such goodwill and to protect and enforce its rights in its MILWAUKEE-Formative Marks, so as to enhance consumer association and prevent harm to the goodwill of Plaintiff.

26.     When purchasing products bearing Plaintiff's MILWAUKEE-Formative Marks, consumers have come to expect to receive products having superior quality.

### ***Defendant's Unlawful Activities***

27.     Plaintiff reincorporates by reference the allegations of the foregoing paragraphs, inclusive, as if the same were here set out in full.

28.     Ultimate Leather Apparel, Inc. incorporated in New Jersey on July 12, 2010 and operating in New Jersey, on information and belief moved its principal office to Fayetteville, Tennessee during 2018.

29.     Defendant Ahmed is a resident of Tennessee and is an owner and officer of ULA, and directs and participates in ULA's infringing activities.

30.     Defendants sell a wide variety of apparel products, leather goods and related products sold to motorcycle enthusiasts and consumers nationwide, and public records show ULA's annual sales to be in excess of $500,000.00.

31.     Defendants have set out to deceive and confuse customers into believing that Defendants' products and services originate with, or are sponsored or approved by or related to Plaintiff.

32.     First, without Plaintiff's authorization, license or consent from Plaintiff, beginning after Plaintiff acquired protectable rights in its MILWAUKEE-Formative Marks, Defendants began using reproductions, counterfeits, copies and colorable imitations of Plaintiff's

MILWAUKEE-Formative Marks, such as the "MILWAUKEE RIDERS" designation, in connection with the sale, offering for sale, distribution and advertising of Defendants' goods, in a manner that is likely to cause confusion, to cause mistake and to deceive customers and potential customers throughout United States commerce.

33.     Defendants also have applied unauthorized reproductions, counterfeits, copies, and colorable imitations of Plaintiff's MILWAUKEE-Formative Marks, such as the MILWAUKEE RIDERS designation, to the labels, signs, prints, packages, wrappers, receptacles and advertisements used and intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, and advertising of goods sold in this country, which goods have been sold through various online retail stores, including, but not limited to Amazon.com, BikerLeather.com, and ClubVest.com.

34.     Attached hereto at **Exhibit C** are screen shot images of products offered by Defendants displaying the goods offered for sale, sold and advertised by Defendants. As set forth in **Exhibit C** and otherwise, Defendants' counterfeit and infringing goods are sold under the false and misleading designation "Milwaukee Riders" ("Infringing Designation").

35.     Defendants have offered for sale, sold and distributed products bearing Defendants' Infringing Designation shown in **Exhibit C** in connection with products identical and closely related to Plaintiff's Goods in the leather apparel category through various online retail stores.  Both Plaintiff and Defendants often sell their goods through identical channels of trade such as motorcycle rallies, and to identical potential consumers, namely motorcycling enthusiasts, tourists and the general public.

36.     By offering for sale, selling, distributing, marketing and advertising goods sold under Defendants' Infringing Designation, Defendants intentionally have violated Plaintiff's

rights in and to its MILWAUKEE-Formative Marks and the MILWAUKEE-Formative Registrations, and with the knowledge and intention that the use in commerce of Defendant's Infringing Designation were and intended to cause confusion, to cause mistake, and to deceive consumers and potential consumers.

37.     Defendants also, in connection with the offering for sale, sale, distribution, advertising and promotion of goods bearing and in conjunction with Defendants' Infringing Designation, have caused, are causing and are likely to cause confusion and mistake, and have deceived, are deceiving and are likely to deceive, as to the affiliation, connection, and association of Defendants with Plaintiff, and as to the origin, sponsorship, and approval of Defendants' goods and commercial activities.

38.     Further, Defendants, by their offering for sale, distribution, marketing and advertising of goods bearing and in conjunction with Defendants' Infringing Designation, in commercial advertising and promotion, have misrepresented the nature, characteristics, qualities, and origin of their goods and commercial activities to the harm of Plaintiff.

39.     Specifically, Defendants have been mimicking Plaintiff's marketing, advertising and business model at every turn. As shown below, Defendants' advertisements to the public shown at retail locations replicate the manner and style of Plaintiff's advertisements at retail locations.  Plaintiff and Defendants often sell at retail establishments at the same events, such as large motorcycle rallies.  The images below are banner advertisements displayed at such retail locations.

| | |
|---|---|
| Milwaukee Leather® Banner |  |
| Milwaukee Riders Banner | |

40.     In the parties' respective retail banner advertisements, Plaintiff displays its MILWAUKEE-Formative Mark across the top of the banner in all caps, and Defendants do the same with their Infringing Designation.   Plaintiff displays underneath its MILWAUKEE-Formative Mark the term "Authorized Dealer."   Defendants likewise display the term "Authorized Dealer" under Defendants' Infringing Designation, "Milwaukee Riders."   Plaintiff under the "Authorized Dealer" language displays several images of its products in rectangular boxes, flanked on the left by one of its MILWAUKEE-Formative Marks in a crest in which the eagle's wings extend beyond the outside circumference of the outer circle, and to the right by the phrase "SINCE '91" in another box.   Defendants do exactly the same thing, except that Defendants replace Plaintiff's goods with their own, Plaintiff's crest design with their own, and Plaintiff's "SINCE '91" with the false and misleading representation, "Since 1992," as shown below.

41.     Defendants have not been in business "Since 1992."   To declare to consumers in retail advertisements that Defendants have been in business "Since 1992" or that they have sold goods "Since 1992" under Defendants' Infringing Designation is a false and misleading representation about Defendants' business or products made in commerce, to the harm of Plaintiff.

42.    Still further, in its Internet advertising, such as on Amazon.com, Defendants displays its products in exactly the same manner as Plaintiff displays their products of the same type, as shown below:

| | |
|---|---|
| Milwaukee Performance® Boots sold on Amazon.com |  |
| Milwaukee Riders Boots sold on Amazon.com | |

| | |
|---|---|
| *Milwaukee Leather® men's boots sold at MilwaukeeLeather.com* |  |
| *Milwaukee Riders men's boots sold at BransonWholesale.net* | |



| | |
|---|---|
| *Milwaukee Leather Performance Apparel® Men's Vest sold at LeatherUp.com* | |
| *Milwaukee Riders Men's Vest sold at BransonWholesale.net* | |

43.     Defendant ULA applied to register and obtained registrations with the U.S. Patent & Trademark Office ("USPTO") for Defendants' Infringing Designation in unfair competition with Plaintiff, and made unfair, deceptive and fraudulent representations to the USPTO in furtherance of those applications. Defendant ULA filed an application to register the confusingly similar and deceptive designation "Milwaukee Riders" with the USPTO pursuant to U.S. App. Ser. No. 87/977,710, which matured into U.S. Reg. No. 5,510,098 for "clothing, namely, jackets, vests, tops, bottoms and boots" in International Class 025. Defendant ULA also filed another application to register the same confusingly and deceptive designation "Milwaukee Riders" with

the USPTO pursuant to U.S. App. Ser. No. 87/590,462, which matured into U.S. Reg. No. 5,613,116 for "online wholesale and retail store services featuring clothing and boots" in International Class 035 ("Defendant's Infringing Registrations").

44.     Defendants' activities already have caused and are causing confusion in the marketplace. Defendants and their representatives have communicated to retailers that Defendant's Infringing Registrations convey to Defendant rights not owned by Defendant, such as representing to retailers that Defendant's Infringing Registrations convey rights to Defendant that are, to the contrary, owned by Plaintiff.

45.     Moreover, Defendants have maintained offices in Paterson, New Jersey, and its close geographical proximity to Plaintiff's business offices in Garfield, New Jersey further leads consumers to believe that the companies and their respective products are related.

46.     On June 18, 2019, Plaintiff through outside counsel wrote to Defendant ULA to alert Defendants to Defendants' Unlawful Activities and demand those acts cease, and that Defendants change to a mark not confusingly similar to Plaintiff's MILWAUKEE-Formative Marks. (**Exhibit D**, Letter to Ultimate Leather Apparel, Inc. from SNEED PLLC).

47.     On June 19, 2019, counsel for Plaintiff received a letter dated June 12, 2019 from Defendant ULA's counsel that did not address Plaintiff's concerns but rather indicated the parties should peacefully co-exist. (**Exhibit E**, Letter to J. Sneed from W. Stroever of COLE SCHOTZ, P.C.).  Defendants have not ceased their misleading and infringing conduct after being put on notice of Plaintiff's rights and of Defendants' conduct.

48.     In selling their goods under Defendants' Infringing Designation, it is clear that Defendants' intention is to impersonate Plaintiff or confuse consumers with regard to a

connection with Plaintiff and its MILWAUKEE-Formative Marks, a connection that does not exist.

49.     Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's MILWAUKEE-Formative Marks, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's Goods to Defendants.

50.     Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## COUNT ONE
### (Federal Trademark Infringement under 15 U.S.C. § 1114)

51.     Plaintiff incorporates by reference the allegations of the foregoing paragraphs, inclusive, as if the same were here set out in full.

52.     Defendants, without authorization from Plaintiff, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, Plaintiff's federally-registered MILWAUKEE-Formative Marks in connection with the promotion, advertisement, distribution, sale and/or offering of identical or substantially indistinguishable goods that compete with those of Plaintiff or which are within the normal zone of expansion of such goods.

53.     Defendants' use of Defendants' Infringing Designation causes a likelihood of consumer confusion, mistake and deception with Plaintiff's MILWAUKEE-Formative Marks and constitutes an infringing use of Plaintiff's registered MILWAUKEE-Formative Marks in violation of 15 U.S.C. § 1114.

54.     Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in its MILWAUKEE-Formative Marks and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

55.     Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.

56.     Plaintiff has no adequate remedy at law. An award of monetary damages alone cannot fully compensate Plaintiff for its injuries.

57.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorney fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest.

## COUNT TWO
**(Infringement of Trademark, False Advertising and Unfair Competition, 15 U.S.C. § 1125(a))**

58.     Plaintiff incorporates by reference the allegations of the foregoing paragraphs, inclusive, as if the same were here set out in full.

59.     The acts of the Defendants complained of herein constitute trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A). More particularly, Defendants' use of Defendants' Infringing Designation tends falsely to associate in the mind of the public the services and products of Defendants with the high-quality services and products of Plaintiff, and tends to describe falsely, represent and designate that Defendants and their products and services in some manner enjoy the sponsorship of or approval by Plaintiff, or some manner of association with Plaintiff, to the damage of Plaintiff.

60.    Further, Defendants have made false or misleading statements of fact as to the time of Defendant ULA's existence, Defendants' products and Defendants' Infringing Designation, namely by representing in banner advertisements and elsewhere that Defendant ULA has been in business "Since '92" and that goods have been sold under Defendants' Infringing Designation since that time. These statements constitute, in commercial advertising and promotion, misrepresentations about the nature, characteristics, qualities or geographic origin of Defendants' goods sold under Defendants' Infringing Designation, to the damage of Plaintiff.

61.    Plaintiff's goodwill is of substantial and rapidly growing value. Plaintiff is suffering and will continue to suffer irreparable harm if Defendants' unfair competition as to Defendants' Infringing Designation and Defendants' false and misleading advertisements are permitted to continue.

62.    The acts of Defendants are willful, deliberate and done with knowledge of Plaintiff's rights and other legitimate interests and with knowledge that these actions are likely to confuse, mislead and deceive the public.

63.    Plaintiff has no adequate remedy at law. An award of monetary damages alone cannot fully compensate Plaintiff for its injuries.

64.    Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorney fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest.

## COUNT THREE
### (False Designation of Origin and Passing Off in Commerce, 15 U.S.C. § 1125(a))

65.     Plaintiff incorporates by reference the allegations of the foregoing paragraphs, inclusive, as if the same were here set out in full.

66.     Defendants are likely to cause confusion, mistake or deception as to the source of affiliation of Defendants' goods and/or services.

67.     Defendants' unauthorized use of Defendants' Infringing Designation and the related advertising by Defendants falsely indicates to consumers that Defendants or its agents are connected with, sponsored, endorsed, authorized, or approved by, or affiliated with Plaintiff, or that Plaintiff is connected with, sponsored, endorsed, authorized, or approved by or affiliated with Defendants.

68.     Defendants' unauthorized use of Defendants' Infringing Designation and the related advertising by Defendants allows Defendants to receive the benefit of Plaintiff's goodwill, which Plaintiff has established at great labor or expense, and allows Defendants to gain acceptance of its goods and/or services, based not on its own qualities, but on the reputation, investment, hard work, reputation, and goodwill of Plaintiff.

69.     Defendants' acts constitute a false designation of origin and passing off in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

70.     Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.

71.     Plaintiff has no adequate remedy at law. An award of monetary damages alone cannot fully compensate Plaintiff for its injuries.

72.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorney fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest.

**COUNT FOUR**
**Cancellation of U.S. Reg. No. 5,510,098 for the MILWAUKEE RIDERS Designation in Class 025**

73.     Plaintiff incorporates by reference allegations of the foregoing paragraphs, inclusive, as if the same were here set out in full.

74.     Defendant ULA obtained U.S. Reg. No. 5,510,098 for the MILWAUKEE RIDERS Designation in International Class 025 by making false and fraudulent representations to the USPTO in furtherance of the underlying application.

75.     At the time Defendant ULA filed the intent-to-use trademark application for its MILWAUKEE RIDERS designation that matured to registration, Defendant falsely represented to the USPTO that it "believes that to the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."

76.     Defendant ULA knew, however, about Plaintiff and its prior use of and rights in its MILWAUKEE LEATHER and other MILWAUKEE-Formative Marks in conjunction with motorcycling apparel at the time Defendant ULA made such representation to the USPTO. Accordingly, Defendant's sworn statement in the application was knowingly false when made, was material to registrability, and has been relied upon by the USPTO.

77.     Plaintiff and its predecessor-in-interest have used continuously Plaintiff's MILWAUKEE LEATHER® mark in commerce in connection with motorcycling apparel at least as early as 1991 and have not abandoned the trademark, and Plaintiff has used its other MILWAUKEE-Formative Marks in connection with motorcycling apparel since long prior to Defendants' first use of its MILWAUKEE RIDERS designation, and have not abandoned these marks.

78.     Defendants did not commence use of the MILWAUKEE RIDERS designation used in connection with motorcycling apparel until at least 2018.  Plaintiff has priority of use in its MILWAUKEE LEATHER® trademark and other MILWAUKEE-Formative Marks *vis-à-vis* Defendants.

79.     The acts of Defendant ULA complained of herein violate, *inter alia*, Sections 2 and 14 of the Lanham Act, 15 U.S.C. §§ 1052(d) and 1064.

80.     Plaintiff will be damaged through the continued registration of U.S. Reg. No. 5,510,098 in that consumers and customers will likely be confused as to the source of origin of Defendants' services and products.

81.     Accordingly, Plaintiff is entitled to have the Director of the U.S. Patent & Trademark Office ordered to cancel Defendant ULA's Reg. No. 5,510,098, which order the Court has authority to make pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119.

**COUNT FIVE**
**(Cancellation of U.S. Reg. No. 5,613,116 for the MILWAUKEE RIDERS Designation in Class 035)**

82.     Plaintiff incorporates by reference allegations of the foregoing paragraphs, inclusive, as if the same were here set out in full.

83.     Defendant ULA obtained U.S. Reg. No. 5,613,116 for the MILWAUKEE RIDERS Designation in International Class 035 by making false and fraudulent representations to the USPTO in furtherance of the underlying application.

84.     At the time Defendant filed the intent-to-use trademark application for its MILWAUKEE RIDERS designation that matured to registration, Defendant falsely represented to the USPTO that it "believes that to the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."

85.     Defendant knew, however, about Plaintiff and its prior use of and rights in its MILWAUKEE LEATHER and other MILWAUKEE-Formative Marks in conjunction with retail store services at the time Defendant made such representation to the USPTO.  Accordingly, Defendant's sworn statement in the application was knowingly false when made, was material to registrability, and has been relied upon by the USPTO.

86.     Plaintiff and its predecessor-in-interest have used continuously Plaintiff's MILWAUKEE LEATHER® mark in commerce in connection with retail store services at least as early as 1991 and have not abandoned the trademark, and Plaintiff has used its other MILWAUKEE-Formative Marks in connection with retail store services since long prior to Defendants' first use of the MILWAUKEE RIDERS designation.

87.     Defendants did not commence use of the MILWAUKEE RIDERS designation used in connection with retail store services until at least 2018.  Plaintiff has priority of use in its

MILWAUKEE LEATHER® trademark and other MILWAUKEE-Formative Marks *vis-à-vis* Defendants.

88.    The acts of Defendant ULA complained of herein violate, *inter alia*, Sections 2 and 14 of the Lanham Act, 15 U.S.C. §§ 1052(d) and 1064.

89.    Plaintiff will be damaged through the continued registration of U.S. Reg. No. 5,613,116 in that consumers and customers will likely be confused as to the source of origin of Defendants' services and products.

90.    Accordingly, Plaintiff is entitled to have the Director of the U.S. Patent & Trademark Office ordered to cancel Defendant's Reg. No. 5,613,116, which order the Court has authority to make pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119.

**COUNT SIX**
**(Violation of Consumer Fraud Act, N.J.S.A. §56:8-2, et seq.)**

91.    Defendants' deliberate and willful use of Defendants' Infringing Designation in direct competition with Plaintiff, and Defendants' false and misleading statements to consumers about their products, services, and Infringing Designation, including the use of "Since 1992" in their advertising, constitutes an unlawful practice within the meaning of the Consumer Fraud Act, N.J.S.A. §56:8-2, et seq.

92.    Defendants' use of Defendants' Infringing Designation and their statements are likely to cause deception among consumers in further violation of the Consumer Fraud Act.

93.    Defendants' sale of products bearing Defendants' Infringing Designation constitutes "merchandise" within the definition set forth in N.J.S.A. §56:8-1.

94.    Given that Defendants have acted in direct commercial competition with Plaintiff, Plaintiff has suffered an ascertainable loss as a direct result of Defendants' unlawful practices.

95.     Defendants' unlawful actions in violation of the Consumer Fraud Act entitle Plaintiff to, in addition to any other appropriate legal or equitable relief, an award threefold the damages sustained by Plaintiff, as well as reasonable attorney fees, filing fees and reasonable costs of suit, as provided under N.J.S.A. § 56:8-19.

**COUNT SEVEN**
**(Unfair Competition in violation of N.J.S.A. §56:4)**

96.     Plaintiff incorporates by reference allegations of the foregoing paragraphs, inclusive, as if the same were here set out in full.

97.     Defendants' use of Defendants' Infringing Designation is an improper appropriation of Plaintiff's MILWAUKEE-Formative Marks for Defendants' own name, brand, trademark, reputation, and goodwill for the same products as the Plaintiff's Goods.

98.     Defendants' use of Defendants' Infringing Designation is likely to cause consumer confusion as to its product's origin.

99.     Defendants' activities constitute an impermissible appropriation under N.J.S.A. §56:4-1.

100.    Defendants' activities have injured Plaintiff, the source of the true MILWAUKEE-Formative Marks and their branded products.

101.    Plaintiff is entitled to an injunction against such practices, and Defendants are liable to Plaintiff for treble of all damages, directly or indirectly caused, under N.J.S.A. §56:4-2.

**COUNT EIGHT**
**(Trademark Infringement and Unfair Competition in violation of state common law)**

102.    Plaintiff incorporates by reference allegations of the foregoing paragraphs, inclusive, as if the same were here set out in full.

103.    The acts and omissions of Defendants complained of herein constitutes trademark infringement, passing off, unprivileged imitation, and unfair competition in violation of state common law.

104.    Plaintiff has been and will continue to be injured as a result of Defendants' unlawful and unauthorized practices. Further, Defendants' wrongful practices have a tendency to deceive and actually have deceived customers and potential customers.

105.    Unless the foregoing alleged actions of Defendants are enjoined, Plaintiff will suffer damage and injury.

106.    The injury to Plaintiff is and continues to be ongoing and irreparable. An award of damages alone cannot fully compensate Plaintiff for its injuries, and Plaintiff lacks an adequate remedy at law.

107.    Plaintiff is entitled to an award of damages, injunctive relief against Defendants, as well as other remedies available under common law, including, but not limited to, costs and attorney fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court enter judgment:

1. In favor of Plaintiff and against Defendants on all of Plaintiff's claims;

2. To permanently enjoin and restrain Defendants and its agents, partners, subsidiaries, servants, employees, attorneys, successors, representatives, assigns and affiliates, and all others in concert, privity, or participation with them from the actions complained of herein, including, but not limited to:

    a.  manufacturing, distributing, providing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, provide, sell, market,

advertise or promote any goods or services bearing Defendants' Infringing Designation or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's MILWAUKEE-Formative Marks;

b.  engaging in any activity that infringes Plaintiff's rights in its MILWAUKEE-Formative Marks;

c.  engaging in any activity constituting unfair competition with Plaintiff;

d.  making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendants;

e.  using or authorizing any third party to use in connection with any business, goods or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

f.  registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating Defendants' Infringing Designation or any other mark that infringes or is likely to be confused with the MILWAUKEE-Formative Marks, or any goods or services of Plaintiff, or Plaintiff as their source; and

g.   aiding, assisting, or abetting any other individual or entity in doing any act prohibited by these sub-paragraphs (a) through (g).

3.   Directing Defendants to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating Defendants' Infringing Designation or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's MILWAUKEE-Formative Marks, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendants' goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing Defendants' Infringing Designation or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's MILWAUKEE-Formative Marks, and to immediately remove them from public access and view.

4.   Requiring Defendants, in accordance with 15 U.S.C. § 1118, to deliver to Plaintiff's counsel or agent for destruction all labels, signs, prints, packages, bottles, receptacles, containers, products, clothing, advertisements, and any other object or tangible thing in Defendants' possession or control bearing Plaintiff's MILWAUKEE-Formative Marks and any colorable imitation thereof (including Defendants' Infringing Designation) in connection with leather goods and apparel and any other related goods and services;

5. Requiring Defendants, in accordance with 15 U.S.C. § 1116(a), to file with the Court, and serve upon Plaintiff's counsel within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing, and under oath, setting forth in detail the manner and form in which Defendants have complied with the terms of such injunction;

6. Awarding Plaintiff its actual damages and a total damages amount up to three times the amount of its actual damages, in accordance with 15 U.S.C. § 1117(a), N.J. Stat. Ann. § 56:8-19, and N.J. Stat. Ann. § 56:4-2;

7. Directing that Defendants account to and pay to Plaintiff all profits realized by their wrongful acts in accordance with 15 U.S.C. § 1117(a), enhanced as appropriate to compensate Plaintiff for the damages caused thereby;

8. Awarding Plaintiff its reasonable attorneys' fees, costs, and expenses pursuant to 35 U.S.C. § 285, 15 U.S.C. § 1117(a) and/or other applicable law;

9. Issuing an Order to the Director of the U.S. Patent & Trademark Office to cancel Defendant ULA's Reg. Nos. 5,510,098 and 5,613,116, which order the Court has authority to make pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119.

10. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums; and

11. Awarding Plaintiff all such other such relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), plaintiff demands trial by jury on all questions of fact raised in this complaint.

Dated: New York, New York
March 8, 2020

                    Yours truly, etc.,

                    /s/ Peter Y. Lee (PL-2405)

By:_____
                    PETER Y. LEE, ESQ.

                    733 3rd Avenue
                    16th Floor
                    New York, New York 10017
                    (212) 808-0716 Tel
                    (212) 808-0719 Fax
                    Peter.Lee@LeeAdvocates.Com

                  **SNEED PLLC**
                  Jason M. Sneed, Esq. (jsneed@sneedlegal.com)
                  Megan E. Sneed, Esq. (msneed@sneedlegal.com)
                  445 South Main Street, Suite 400
                  Davidson, North Carolina 28036
                  (844) 763-3347
                  *Pending admission pro hac vice*

                  *Attorneys for Plaintiff,*
                  *Shaf International, Inc.*