NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHAF INTERNATIONAL, INC., <br><br>  *Plaintiff*, <br><br> v. <br><br> ULTIMATE LEATHER APPAREL, INC. and ASAD AHMED, <br><br>  *Defendants*. | Civil Action No. 20-2569 (JMV)(MF) <br><br> **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on an appeal by Plaintiff Shaf International, Inc., D.E. 23, of Magistrate Judge Mark Falk's December 7, 2020 Opinion and Order (the "2020 Opinion") granting Defendants' motion to stay this action pending a decision from the U.S. Patent and Trademark Office's (USPTO) Trademark Trial and Appeal Board (TTAB) in related proceedings, D.E. 21, 22. The Court reviewed all submissions[1] and considered the appeal without oral argument. For the reasons that follow, Plaintiff's appeal is **DENIED**.

**I.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

As noted, the 2020 Opinion granted Defendants' motion to stay this action, pending a decision from the TTAB in a related proceeding between the parties. D.E. 21. The complete

---

[1] Plaintiff's brief in support of its appeal will hereinafter be referred to as "Pl. Br." (D.E. 23-1); Defendants' opposition to Plaintiff's appeal will hereinafter be referred to as "Defs. Opp." (D.E. 24); Plaintiff's reply in further support of its appeal will hereinafter be referred to as "Pl. Reply" (D.E. 25).

factual background described in the 2020 Opinion is incorporated into this opinion.  As a result, the Court will only summarize the background here.

This case concerns allegations of trademark infringement.  Plaintiff sells clothing, luggage, and leather good under the MILWAUKEE LEATHER brand and its MILWAUKEE-formative sub-brands.  D.E. 13 at ¶¶ 14, 16.  Plaintiff possesses trademark rights in its MILWAUKEE-Formative Marks.  *Id.* ¶ 19.  Defendant Ultimate Leather Apparel ("ULA") and its owner, Defendant Asad Ahmed, sell "apparel products, leather, goods and related products."  *Id.* ¶ 30.  Plaintiff alleges that Defendants are infringing upon its trademark rights through their use of "reproductions, counterfeits, copies and colorable imitations of Plaintiff's MILWAUKEE-Formative Marks," in connection with selling goods "in a manner that is likely to cause confusion, to cause mistake and to deceive customers and potential customers throughout United States commerce."  *Id.* ¶ 32.  ULA obtained registrations with the U.S. Patent and Trademark Office for their "MILWAUKEE RIDERS" designation in July and August 2018.  *Id.* ¶ 43; D.E. 9-1 at 2.

Plaintiff filed a Petition to Cancel ULA's MILWAUKEE RIDERS trademark registrations with the TTAB on June 18, 2019.  D.E. 9-1 at 2.  In response, ULA filed counterclaims in the TTAB case on August 2, 2019 "seeking cancellation of Shaf's Milwaukee-formative trademarks on the grounds that Shaf had fraudulently misrepresented to the USPTO that it was the exclusive user of the term 'Milwaukee' in the context of motorcycle apparel."  *Id.*  The parties proceeded through discovery in the TTAB case, which closed on April 5, 2020.  *Id.* at 2-3.

Plaintiff filed its Complaint in the District of New Jersey on March 10, 2020.  D.E. 1.  As a result of the pending District Court action, Plaintiff asked the TTAB to suspend its case; the TTAB case was stayed on April 24, 2020.  D.E. 9-1 at 2-3.  Defendants filed a motion to dismiss or, in the alternative, to stay the proceeding on May 11, 2020.  D.E. 9.  Plaintiff filed a First

2

Amended Complaint ("FAC") on May 23, 2020, D.E. 13, and filed an opposition brief to Defendants' motion to dismiss or stay the action on June 1, 2020, D.E. 16.[2]  Defendants filed a reply brief on June 4, 2020.  D.E. 17.  Judge Falk conducted a conference with the parties concerning the Motion to Stay on October 8, 2020.  Pl. Br. 4-5.

On December 7, 2020, Judge Falk issued an Opinion and Order that granted Defendants' request to stay the District Court proceeding "pending the outcome of the related proceeding before the TTAB."  D.E. 21, 22.  Judge Falk determined that "any disadvantages from the inherent delay of a stay are outweighed by advantages of allowing the TTAB to render a decision before proceeding with this action."  2020 Opinion at 7.  Judge Falk reasoned that a stay of this action would not unduly prejudice Plaintiff, would promote judicial economy, and that it was in the best interest of both parties because Plaintiff would get a decision sooner on the relief it seeks, and Defendants would not suffer the hardship and prejudice of "duplicat[ing] their efforts and spend[ing] additional resources" in the District Court after spending almost a year litigating this dispute in the TTAB.  2020 Opinion at 5-7.

Plaintiff timely appealed Judge Falk's decision on December 21, 2020.  D.E. 23.  Defendants submitted an Opposition Brief on December 30, 2020, D.E. 24, and Plaintiff filed a Reply Brief on January 6, 2021, D.E. 25.

## II.     APPEAL STANDARD

A magistrate judge may hear and determine any non-dispositive pretrial matter pursuant to 28 U.S.C. § 636(b)(1)(A).  A district court may only reverse a magistrate's decision on these matters if it is "clearly erroneous or contrary to law."  *Id.*; Fed. R. Civ. P. 72(a); L. Civ. R.

---

[2] The filing of the FAC rendered moot Defendants' motion to dismiss; however, it did not affect Defendants' alternate request for a stay.  D.E. 18.

3

72.1(c)(1)(A).  "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).  Under this standard, a district court "will not reverse the magistrate judge's determination even if the court might have decided the matter differently."  *Bowen v. Parking Auth. of City of Camden*, No. 00-5765, 2002 WL 1754493, at *3 (D.N.J. July 30, 2002).  The court will, however, "conduct a *de novo* review a magistrate judge's legal conclusions."  *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998).

"Where the appeal seeks review of a matter within the exclusive authority of the Magistrate Judge, such as a discovery dispute, an even more deferential standard, the abuse of discretion standard, may be applied."  *Miller v. P.G. Lewis & Assocs., Inc.*, No. 05-5641, 2006 WL 2770980, at *1 (D.N.J. Sept. 22, 2006).  An abuse of discretion occurs "when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable [person] would take the view adopted by the trial court."  *Ebert v. Township of Hamilton*, No. 15-7331, 2016 WL 6778217, at *2 (D.N.J. Nov. 15, 2016) (quoting *Lindy Bros. Builders v. Am. Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 115 (3d Cir. 1976)).

### III.   ANALYSIS

A court should consider the following in deciding whether to grant a motion to stay:

> (1) [J]udicial efficiency as measured by the stage of the civil litigation and the stay's potential to simplify the issues; (2) harm or unfair prejudice to the non-moving party that will result from the grant of a stay; and (3) the hardship and inequity to the moving party if the stay is denied.

*Tigercat Int'l v. Caterpillar Inc.*, No. 16-1047, 2018 WL 2049816, *2 (D. Del. May 2, 2018) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).

Plaintiff first argues that Judge Falk's decision is "clearly erroneous and wrong" because it "failed to consider or appreciate [P]laintiff's substantial undue prejudice arising from a stay in this case." Pl. Br. 10, 12. Plaintiff continues that, because the TTAB cannot grant injunctive relief or award damages, it will continue to be injured by Defendants' infringing use throughout the duration of the TTAB proceeding. *Id.* at 10-11. Plaintiffs also challenge Judge Falk's finding that Defendant made the requisite showing of hardship or inequity, arguing that Defendants' assertion of hardship "falls woefully short of the standard," and "relies upon the misguided representations of Defendant[s] rather than well-established principles of law and the factual record before the court." *Id.* at 10.

The Court finds that Judge Falk did in fact consider whether Plaintiff would suffer undue prejudice from a stay. Judge Falk recognized Plaintiff's desire to obtain its requested relief quickly, and the 2020 Opinion explains that staying the District Court case would lead to a quicker conclusion of the dispute and, therefore, would not be prejudicial to Plaintiff. 2020 Opinion at 5. Additionally, Judge Falk noted that if Plaintiff "wanted to have its claims decided in federal court, [it] could have filed the case here in the first instance." *Id.* The Court concludes that Judge Falk's determination that a stay of the District Court proceeding would not be unduly prejudicial to the Plaintiff is neither clearly erroneous nor contrary to law.

The Court also finds that Judge Falk did not err in his finding that Defendants made the requisite showing of hardship in the absence of a stay. On this point, Plaintiff contends that "Defendants' only attempt to assert hardship is that 'Defendants have litigated this dispute with Shaf before the TTAB for a year, spent time and money on discovery and motion practice, and

5

now Shaf has filed the instant action essentially requiring the parties to start again from zero.'" Pl. Br. at 10 (quoting D.E. 9-1 at 12). Plaintiff states in a conclusory fashion that these representations by the Defendant were "misguided" but provides no additional facts or arguments to challenge these assertions. Judge Falk's Opinion explained that, because Defendants had already spent almost a year litigating their dispute before the TTAB, they "should not have to duplicate their efforts and spend additional resources merely because Shaf would now prefer to have its claims heard here." 2020 Opinion at 6. The Court concludes that Judge Falk's finding on this issue was neither clearly erroneous nor contrary to law.

Plaintiff's second argument appears to assert that judicial efficiency is hindered by granting a stay. Plaintiff contends that Judge Falk "overlooked the likely, if not inevitable, re-litigation of any claims and issues before the TTAB" in the District Court. Pl. Br. at 13. Plaintiff continues that Judge Falk's determination that permitting the TTAB to first consider the issues would expedite Plaintiff's claims for relief was erroneous because there are many issues before the District Court that were not raised in the TTAB case – the TTAB case only concerns the validity of ULA's marks. *Id.* at 14. Plaintiff challenges Defendants' assertion that discovery was closed in the TTAB case and argues that the TTAB case "was only in its early stages with only limited discovery having been completed." *Id.* at 16-17. Plaintiff states that prior to the TTAB staying the case, Plaintiff had filed a motion to extend the discovery deadline, along with other dates. *Id.* at 17.

This Court finds that Judge Falk appropriately considered how a decision from the TTAB could affect the case in the District Court with respect to judicial economy. The 2020 Opinion determined that both the District Court and TTAB cases involve the overarching issue of whether ULA's trademarks are confusingly similar to Plaintiff's. 2020 Opinion at 5. The United States

Supreme Court has found that the "likelihood of confusion for purposes of registration is the same standard as likelihood of confusion for purposes of infringement," and has held that "[s]o long as the other ordinary elements of issue preclusion are met, when the usages adjudicated by the TTAB are materially the same as those before the district court, issue preclusion should apply." *B&B Hardware v. Hargis Indus.*, 135 S. Ct. 1293, 1307, 1310 (2015). Judge Falk reasoned that a TTAB decision "conceivably could be dispositive of most or all of Shaf's federal claims," 2020 Opinion at 5, and the Court agrees. As for Plaintiff's arguments that the TTAB case was only in its early stages and that discovery had not concluded, these are bare assertions unsupported by the record. While Plaintiff may have filed a motion to extend deadlines in the TTAB case, *see* D.E. 16-2, Plaintiff offers no facts to suggest that discovery remained open.[3] Plaintiff's arguments also ignore the fact that to date, "[n]either the Court nor the parties have invested any time or resources in the District Court litigation that would be wasted if the case were stayed." 2020 Opinion at 6.

Therefore, this Court concludes that Plaintiffs have failed to demonstrate that Judge Falk's decision was clearly erroneous or contrary to law.

## IV.   CONCLUSION

For the reasons stated above, and for good cause shown,

**IT IS** on this 4th day of February, 2021,

**ORDERED** that Plaintiff's appeal (D.E. 23) is **DENIED**.

John Michael Vazquez, U.S.D.J.

---

[3] In fact, the TTAB denied Plaintiff's motion to extend the deadlines without prejudice in its April 24, 2020 decision, further supporting Judge Falk's finding that discovery in that TTAB case had closed. D.E. 16-2.